UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOUNIR MRABET,

                        Plaintiff,

            -against-

MARK GURLESKI, et al.

                        Defendants.

25-CV-1952 (ALC)

ORDER OF SERVICE AND PARTIAL
DISMISSAL

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, who currently is incarcerated at FCI Raybrook, brings this action *pro se*. Plaintiff alleges that he was subjected to unlawful searches in violation of his Fourth Amendment rights. The searches related to Plaintiff's eventual conviction in *United States v. Mrabet*, No. 23-CR-0069 (JSR) (S.D.N.Y. Apr. 26, 2024), *aff'd*, No. 24-1313-cr (2d Cir. June 16, 2025). Plaintiff brings this action against Assistant U.S. Attorney (AUSA) Jane Chong, New York City Police Department (NYPD) Detective Mark Gurleski, and two employees of Apple (Kristian Palau and Lesly Ahlberg), requesting damages and "nullification" of his conviction.

By order dated April 11, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses Plaintiff's claims against Defendants Chong, Palau, and Ahlberg, and directs service on NYPD Detective Gurleski.

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] The events giving rise to Plaintiff's claims took place in New York City. Plaintiff states that his claims arose on January 5 2023, November 6, 2023, and April 23 2024.

Plaintiff alleges the following:

> My Apple Icloud Account has been Accessed by the NYPD. in a Blank Catch All open ended warrant! My private storage [unit] was broken into by police [and] searched without my consent and my character has been defamed by Mark Gurleski false accusation of Hotel overdose event.
>
> First Mark Gurleski falsified affidavits and deputized citizen[s] to violate my privacy in my Apple iCloud data [and] storage unit. Kristian Palau took the stand [and] authenticated data. Jane Chong was the overzealous prosecutor that concealed material information during trial.

(ECF 1 at 4.)

Plaintiff seeks damages, the nullification of his conviction, and reprimand of the parties involved.

## DISCUSSION

### A.     Prosecutorial immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff alleges that AUSA Jane Chong "concealed material information" during Plaintiff's trial and that the information obtained from Apple included "his private affairs and sex life." (ECF 1 at 5.) Plaintiff's claims against Defendant Chong are based on actions within the scope of her official duties and associated with the conduct of trial in *Mrabet*, No. 23-CR-0069. Therefore, the claims seeking monetary relief are dismissed because Defendant Chong is immune from suit for such claims. 28 U.S.C. § 1915(e)(2)(b)(iii).

Plaintiff also seeks to "nullify" or overturn his conviction based on an alleged failure to turn over unspecified information. A challenge to Plaintiff's conviction must be brought as a motion for relief under 28 U.S.C. § 2255, not a civil rights action. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 is "generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence . . . ."); *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that a writ of *habeas corpus*, not a civil rights action, is the remedy for a state prisoner seeking to challenge the fact or duration of his confinement). Plaintiff filed several letter-motions in his criminal action seeking relief from the judgment of conviction, and the government was directed to respond to these applications. *See United States v. Mrabet*, No. 23-CR-0069 (JSR)

3

(S.D.N.Y. Sept. 22, 2024) (ECF 74). Because such proceedings are pending, the Court declines to recharacterize this submission, in part, as a motion for relief under Section 2255.

**B.      Apple employees**

Plaintiff alleges that "Kristian Palau took the stand [and] authenticated data." (ECF 1 at 4.) Witnesses are immune from civil suits for their testimony in court. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012). The Supreme Court has reasoned that, without absolute immunity for witnesses, they "'might be reluctant to come forward to testify,' and even if a witness took the stand, the witness 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.'" *Id*. (quoting *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983)). Because Plaintiff's claim against Defendant Palau is based on her testimony as a witness in his criminal proceedings, she is immune from suit, and the claim against her must therefore be dismissed.

Plaintiff also lists Apple employee Lesly Ahlberg in the caption of the complaint as a defendant but he does not plead any facts in the body of the complaint about what Defendant Ahlberg allegedly did or failed to do that violated his rights. Plaintiff's allegations thus fail to state a claim on which relief can be granted against Defendant Ahlberg, and any claims against her are therefore dismissed, without prejudice to repleading.

**C.      Service on Detective Gurleski**

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that NYPD Detective Mark Gurleski waive service of summons.

**CONCLUSION**

Plaintiff's claims against Defendants Chong, Kristian Palau, and Lesly Ahlberg are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and the Clerk of Court is directed to terminate these defendants on the docket. The Court declines to recharacterize this application, in part, as a motion to vacate Plaintiff's conviction because he already has pending challenges to his conviction, *Mrabet*, No. 23-CR-0069, 74.

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that NYPD Detective Mark Gurleski waive service of summons.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    December 18, 2025
      New York, New York

ANDREW L. CARTER, JR.
United States District Judge